UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | **CASE NO. 4:24-cr-00539** |
| vs. § | |
| § | |
| **FELIPE ORTUNO** § | |
| § | |
| **Defendant.** § | |

## MOTION TO DISCLOSE DISCOVERABLE MATERIALS
## PURSUANT TO A PROTECTIVE ORDER

The United States of America respectfully moves that the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, permit the disclosure of discoverable information pursuant to a protective order restricting further disclosure.

On October 23, 2024, a grand jury indicted Defendant Felipe for robbery and use of a firearm during the robbery. Docket Entry No. 1.

In addition to the evidence in the instant case, the United States intends to produce in discovery evidence of Defendant's criminal history and/or other criminal acts. These acts include Defendant's involvement in the sex trafficking conspiracy of several minor victims in Case No. 4:21-CR-00350, *United States v. Clarence Chambers et al.* Pursuant to its discovery obligations in the instant case, the United States wishes to disclose in discovery certain materials that implicate third-party privacy information and law enforcement sensitive information. For example, discovery materials in this case include information regarding (minor) victims, including their names, ages, telephone numbers, and home addresses. Furthermore, there are particular sensitivities associated with the disclosure of investigative methods, names, and contact information of witnesses. The material cannot be redacted adequately because it has evidentiary value in this case and because some material is electronic in origin and will be produced in native

1

format. The proposed protective order limits further disclosure of the discovery to be produced in this case, thereby allowing the Government to meet its discovery obligations while also respecting the privacy rights of third parties and protecting law enforcement sensitive information.

As stated in the below Certificate of Conference, counsel for Defendant Felipe Ortuno (does not) objects to this proposed protective order.

WHEREFORE, the United States respectfully requests this Court permit disclosure consistent with the above requests.

Respectfully Submitted,

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By:   */s/ Anh-khoa Tran*
Anh-Khoa Tran
Anthony R. Franklyn
Assistant United States Attorneys
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

**CERTIFICATE OF CONFERENCE**

On December 1, 2024, I conferred with Brett Podolsky, counsel of record for Defendant Felipe Ortuno, regarding the proposed protective order. Defense counsel does not object to this motion.

*/s/ Anh-khoa Tran*
Anh-khoa Tran
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

A true and correct copy of this document was served on counsel via electronic court filing and by e-mail on December 3, 2024.

*/s/ Anh-khoa Tran*
Anh-khoa Tran
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| vs. | § CASE NO. 4:24-CR-00536 |
| **FELIPE ORTUNO** | § |
| **Defendant.** | § |

## PROTECTIVE ORDER

The Court grants the Government's Motion to Disclose Discoverable Material Pursuant to Protective Order and ORDERS:

1. As used in this order, and unless otherwise specified, "Defendant" include attorneys for the defendant, persons employed to assist in the defense, or others as to whom the Court authorizes disclosures.

2. All discoverable information provided by the United States to Defendant Felipe Ortuno will be made pursuant to this order.

3. Defendant will protect discovery materials and all copies from unnecessary dissemination.

4. Defendant will use discovery materials provided by the United States solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

5. Defendant will not disclose discovery materials and their contents, and any notes or other record of discovery materials or their contents, to any person or entity.

6. Defendant will not copy discovery materials except as necessary to provide copies for use by an authorized person described above to prepare or assist in the defense, and all copies will be treated in the same manner as the original.

7. Defendant's attorneys will not provide to Defendant copies of documents containing identifying information of any victim or witness except where found by the Court to be necessary to prepare or assist in the defense. <u>Under no circumstances shall copies of documents containing identifying information of any victim or witness be left at any detention facility for any Defendant to review.</u>

1

8. Defendant's attorney will inform Defendant of the terms of this order and direct Defendant not to disclose or use any information contained in the Government's discovery in violation of the Protective Order.

9. Any papers to be served upon the Court by either party that include identifying information of any victim or witness shall be filed under seal. Any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph shall also be filed under seal.

10. Defendant will return all discovery containing identifying information of any victim or witness and copies to the United States Attorney's Office (USAO) or certify their destruction to the United States following disposition of the case, except where an appeal is anticipated. Any archived, electronic copy of discovery retained by an attorney for Defendant as a result of automatic electronic back-ups of discovery review tools is not a violation of this order.

11. Should Defendant change his attorney at any time before discovery containing identifying information of any victim or witness and copies have been returned to the USAO, Defendant's counsel will not provide the discovery to any subsequent counsel unless subsequent counsel for Defendant has agreed to, or has been ordered by the Court, to be bound by this Protective Order. If subsequent counsel's consent to this Order cannot be obtained, Defendant's counsel shall return discovery containing identifying information of any victim or witness and all copies to the USAO immediately.

12. This protective order applies to all discovery that has already been provided to Defendant, as well as future discoverable material provided to Defendant, except for the Defendant's own statements.

13. Nothing in this order prevents either party from applying to the Court for modification or further relief.

14. Any person found violating any portion of this Protective Order may be subject to the full contempt powers of the Court.

**IT IS SO ORDERED.**

Signed in Houston, Texas, on _____, 2024.

_____
Hon. George C. Hanks, Jr.
United States District Judge